IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHERYL A. STOVALL                    :

                                     :

    v.                               : Civil Action No. DKC 2006-3094

                                     :

JOSEPH DeTUNO                        :

                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a motion to dismiss by Defendant Joseph DeTuno. (Paper 24). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be granted.

**I.  Background**

The following statement of facts is presented in the light most favorable to Plaintiff, the nonmoving party, with disputes of fact where noted. *Pro Se* Plaintiff, Cheryl A. Stovall filed a two count complaint against Defendant Joseph DeTuno in the Circuit Court for Montgomery County on August 18, 2006. (Paper 2). In the complaint, Plaintiff alleged that she worked directly and indirectly for Defendant while he was the Executive Vice President at AIMCO between 2001 and her termination on August 18, 2004. Plaintiff alleged that the incidents underlying her complaint occurred at AIMCO's office at 15800 Crabbs Branch Way in Rockville,

Maryland.   She alleges that she filed a timely charge of discrimination with the Montgomery County Office of Human Rights on or around August 18, 2005, and that her filing of the complaint was timely because forty-five days had elapsed since that time.   Count I claims that Defendant sexually harassed Plaintiff and Count II asserts that he retaliated against her when she complained of the harassment, both in violation of Montgomery County Code § 27-19(a)(1), MD. ANN. CODE art. 49B, § 42.

Defendant filed a notice of removal asserting diversity jurisdiction on November 11, 2006 (paper 1), and a motion to dismiss and two revised motions to dismiss between December 15, 2006 and March 19, 2007 (papers 15, 21, and 24).   The court granted in part motions filed by Plaintiff for an extension of time (paper 17) and an extension of scheduling deadlines (paper 18) on February 13, 2007, (paper 20).   In that order, the court advised Plaintiff that almost two months had passed since Defendant filed his motion to dismiss and directed Plaintiff to file any opposition to that motion by March 5, 2007.   The court informed Plaintiff that "[n]o further extensions will be considered."   On March 19, 2007, after Defendant filed a second revised motion to dismiss, (paper 24), the clerk sent Plaintiff a *Roseboro* notice[1] indicating that Defendant had filed a dispositive motion, which if granted, could result in the dismissal of the action, and informing Plaintiff that she was

---

[1]   *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

2

entitled to file an opposition to that motion within fourteen days (paper 23).  Plaintiff did not respond to the motion to dismiss or the letter from the clerk.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007).  That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court must disregard the contrary allegations of the

opposing party.  *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

## III. Analysis

Defendant asserts that Plaintiff's complaint is subject to dismissal for the following reasons: (1) as a mere supervisor, Defendant cannot be held liable for employment discrimination; (2) Defendant was not a party to the administrative charge that Plaintiff filed and did not have the benefit of participating in that proceeding; and (3) Plaintiff's claims should be time barred because her claim to have filed timely within one year is without adequate support.

Defendant's argument that he cannot be held liable because he was not the Plaintiff's employer is misplaced.  As Defendant acknowledges, the issue of personal liability under § 27-19 of the Montgomery County Code has not been settled.  Defendant is correct

that neither Maryland nor federal law would authorize personal liability for Defendant as a mere supervisor, but Plaintiff's suit has been brought under the Montgomery County Code.  Section 27-19 differs from Art. 49B of the Maryland Code and Title VII in that it addresses how a "person" may not discriminate in the workplace, while Art. 49B and Title VII both address acts prohibited by "employers."  This court has addressed § 27-19 previously in *Jordan v. Alternative Resources Corp.*, No. 2004-1091, 2005 WL 736610 (D.Md. March 30, 2005).  In that case, the court noted that the statute's use of the term "person" instead of "employer"

> cannot mean, however, that liability can only be assigned to employers themselves; otherwise, the statute's distinction between employers and persons would be meaningless. It is easy to see how a non-employer's influence over an employer might in some instances give rise to a discriminatory employment practice, and it may well be that such a situation was contemplated by the drafters of § 27-19.

*Id*. at *8.  However, because the plaintiff's claim in *Jordan* was dismissed on other grounds, the court did not resolve this issue definitively.  *Id*.  Here again, the court need not rule decisively on this matter because the court will dismiss Plaintiff's claims for other reasons.

Defendant next asserts that Plaintiff's claims are subject to dismissal because Plaintiff failed to include Defendant as a party to her administrative charge of employment discrimination.  Section 27-7 of the Montgomery County Code directs perceived victims of

employment discrimination to file a written complaint stating the name and address of the person alleged to have committed the violation. In interpreting parallel provisions of federal employment discrimination laws, the general rule is that a party not named in a federal administrative charge cannot be sued in a subsequent civil action. *See Alvarado v. Bd. of Trs.*, 848 F.2d 457 (4th Cir. 1988). This "naming requirement is designed to provide notice to the charged party and to permit the EEOC to attempt voluntary conciliation of complaints." *Alvarado*, 848 F.2d at 460. Nevertheless, courts have adopted exceptions to the general rule that an aggrieved party may not bring suit against a party that was not named in the EEOC charge. *See Thomas v. Bet Sound-Stage Restaurant/Brett Co., Inc.*, 61 F.Supp.2d 448, 457 (D.Md. 1999). Under the "identity of interest" exception, the courts examine various factors in order to determine whether a party unnamed in the EEOC charge may be sued. The factors for determining whether to make an exception include: (1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice. *Id*. at 457-58. Maryland courts have found the federal caselaw on this matter persuasive and applied it to employment discrimination claims brought under Article 49B. *See Cohen v. Montgomery Co. Dept. of Health and Human Serv's*, 149 Md.App. 578 (2003).

Plaintiff has not alleged facts to show she is entitled to an exception.  Plaintiff was aware of the identity of Defendant when she filed her administrative charge, but failed to name him as a party to her complaint and has not explained why she did not do so.[2]  Mere employment by the named defendant to the employer named in the administrative charge is an insufficient identity of interest.  *Quinn v. Bowmar Pub. Co.*, 445 F.Supp. 780 (D.Md. 1978) (citing *Scott v. Univ. of Delaware*, 385 F.Supp. 937 (D.Del. 1974)).  Accordingly, Plaintiff has not made a sufficient showing to avoid the general rule that a party may not be sued without being named in the prior administrative charge.  Thus, Plaintiff has failed to exhaust the required administrative remedies before filing this suit and, therefore, her claims against Defendant will be dismissed.

Because the court will grant Defendant's motion to dismiss for failure to exhaust, it need not reach his contention that Plaintiff's claims should be time barred because her assertion that they were filed within the statutory period lacks credibility, an issue not normally resolved on a motion to dismiss.

---

[2]  Because Plaintiff referred to, relied on, and has not challenged the authenticity of the administrative complaint attached to Defendant's motion to dismiss (paper 24, Ex. 1), the court may consider it on a motion to dismiss without converting it to a motion for summary judgment.  *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted.  A separate Order will follow.

```
                    _____/s/_____
                    DEBORAH K. CHASANOW
                    United States District Judge
```